IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. No. 08-00542 HG-01 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| KATO AMOSA IOSUA, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR MODIFICATION OF SENTENCE (ECF No. 55)**

Defendant Kato Amosa Iosua, proceeding pro se, has filed a "Motion for Modification of Sentence" pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines. Defendant is not eligible to receive a sentence reduction.

Defendant's MOTION FOR MODIFICATION OF SENTENCE (ECF No. 55) is **DENIED**.

**PROCEDURAL HISTORY**

On August 28, 2008, the grand jury returned a three-count Indictment against Defendant Kato Amosa Iosua. (ECF No. 1).

On January 5, 2011, Defendant pled guilty, pursuant to a plea agreement, to Count I of the Indictment for conspiracy to

1

distribute and possess with intent to distribute fifty (50) grams or more of methamphetamine, its salts, isomers, and salts of its isomers in violation of 21 U.S.C. § 846.  (ECF No. 38).

On April 19, 2011, the Court held a sentencing hearing and accepted the plea agreement.  (ECF No. 45).

On June 3, 2011, a continued sentencing hearing was held. (ECF No. 48).  Defendant was sentenced to 130 months imprisonment as to Count 1 in the Indictment.  (Id.)  Courts 2 and 3 in the Indictment were dismissed.  (ECF No. 51).

On November 7, 2014, Defendant, proceeding pro se, filed a "MOTION FOR MODIFICATION OF SENTENCE" pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines.  (ECF No. 55).

On November 12, 2014, the Court issued a Minute Order appointing the Federal Public Defender's Office to assist Defendant in seeking a sentence reduction.  (ECF No. 56).

On November 19, 2014, the Federal Public Defendant's Office sent a letter to the Court stating that Defendant advised their Office that he believes there is a conflict of interest with the Federal Public Defender's Office representing him and requested appointment of new counsel.  (ECF No. 57).

On November 21, 2014, Brandon K. Flores was appointed as Defendant's new counsel to assist him in seeking a sentence reduction.  (ECF No. 58).

2

On February 23, 2015, Defendant, proceeding pro se, filed a document entitled "MOTION FOR CLARIFICATION." (ECF No. 59). Defendant stated that he believes there was a miscommunication with the Federal Public Defender's Office and asserted that he did not have a conflict of interest with their Office representing him. (Id.)

On March 12, 2015, the Court set a status conference for May 4, 2015. (ECF No. 60).

On April 17, 2015, Defendant filed a document entitled "MOTION TO PROCEED PRO-SE." (ECF No. 61). In the filing, Defendant requested to represent himself and "moves this Court to rule on the merits of his petition and modify his sentence" under 18 U.S.C. § 3582(c)(2) and Amendment 782 of the United States Sentencing Guidelines. (Id.)

On April 23, 2015, the Court issued a Minute Order addressing Defendant's "MOTION FOR CLARIFICATION" and "MOTION TO PROCEED PRO-SE." (ECF No. 62). The Court construed Defendant's filings as a request to dismiss his attorney Brandon K. Flores and to proceed pro se on his Motion for Modification of Sentence filed on November 7, 2014. (Id.) The Court granted the Defendant's requests to dismiss Attorney Flores and to allow Defendant to proceed pro se. (Id.) The Court vacated the scheduled status conference. (Id.) The Court ordered the Government to respond to Defendant's pro se Motion for

Modification of Sentence and elected to decide Defendant's Motion without a hearing. (Id.)

On May 13, 2015, the Government filed MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR MODIFICATION OF SENTENCE. (ECF No. 63).

On June 8, 2015, Defendant filed "MOTION IN REPLY TO GOVERNMENT'S RESPONSE." (ECF No. 64).

## **ANALYSIS**

18 U.S.C. § 3582(c)(2) authorizes district courts, in some circumstances, to modify an imposed sentence in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. United States v. Dunn, 728 F.3d 1151, 1155 (9th Cir. 2013); see also 28 U.S.C. § 994(o).

The United States Supreme Court has interpreted 18 U.S.C. § 3582(c)(2) as establishing a two-step inquiry. Dillon v. United States, 560 U.S. 817, 826-27 (2010).

First, the Court must determine if a defendant is eligible for a sentence reduction based on a guideline that has been lowered by the Sentencing Commission after the date the defendant was sentenced. 28 U.S.C. §§ 994(o),(u). The Court is required to examine Section 1B1.10 of the Sentencing Guidelines and the applicable policy statements issued by the Sentencing Commission

to determine if the defendant is eligible for a reduction in sentence.  Dunn, 728 F.3d at 1155.

On November 1, 2014, Amendment 782 to the United States Sentencing Guidelines became effective.  The Sentencing Commission provided that Amendment 782 would apply retroactively to previously-sentenced defendants.  U.S.S.G. §§ 1B1.10(d), (e)(1).  Amendment 782 reduced by two levels some, but not all, of the base offense levels in the Drug Quantity Tables at U.S.S.G. §§ 2D1.1 and 2D1.11.

The Court determines eligibility for a sentence reduction by examining the amended guideline range that would have been applicable to the defendant if Amendment 782 to the United States Sentencing Guidelines had been in effect at the time the defendant was sentenced.  U.S.S.G. § 1B1.10(b)(1).

Second, the Court must consider whether a reduction is warranted pursuant to the sentencing factors set forth in 18 U.S.C. § 3553(a).  U.S.S.G. § 1B1.10 Commentary, Application Note 1(B)(i)-(iii);  Dillon, 560 U.S. at 826-28.

Here, the Court does not reach the second step in the inquiry.  Defendant is not eligible for a sentence reduction. Defendant was already sentenced below the range of his amended sentencing guidelines pursuant to Amendment 782 to the United States Sentencing Guidelines.  Defendant would only be eligible for a further reduction in sentence if he had been sentenced

5

below the guideline range applicable at sentencing pursuant to a Government motion based on his substantial assistance to authorities. U.S.S.G. § 1B1.10(b)(2)(A). There was no motion for substantial assistance made by the Government at Defendant's sentencing.

**I.   Calculations at Defendant's Sentencing on June 3, 2011**

On January 5, 2011, Defendant pled guilty, pursuant to a plea agreement, to Count I of the Indictment for conspiracy to distribute and possess with intent to distribute fifty (50) grams or more of methamphetamine, its salts, isomers, and salts of its isomers in violation of 21 U.S.C. § 846. (ECF No. 38).

The drug offense Defendant pled guilty to subjected him to a mandatory statutory minimum of 120 months incarceration. 21 U.S.C. § 841(b)(1)(A)(viii).

Defendant's Presentence Investigation Report reflected that at the time of sentencing on June 3, 2011, Defendant had a criminal history category of III and a total offense level of 33 for a guideline range of 168-210 months.

The Court sentenced Defendant to 130 months imprisonment. Defendant's 130 month sentence was below his advisory sentencing guideline range of 168-210 months.

Defendant's sentence below the sentencing guideline range was not pursuant to a motion by the Government for his

substantial assistance to authorities.

**II. Defendant's Sentencing Guidelines Were Lowered Pursuant to Amendment 782 to the United States Sentencing Guidelines**

Amendment 782 to the United States Sentencing Guidelines, which became effective on November 1, 2014, altered the drug quantities provided in U.S.S.G. § 2D1.1.

Amendment 782 lowered the base offense level applicable to Defendant by two levels. Defendant, who at sentencing was found responsible for 4.343 kilograms of actual methamphetamine, is now subject to a base offense level two points lower than at the time of his sentencing. U.S.S.G. § 2D1.1(c)(2) (2014).

At his June 3, 2011 sentencing, Defendant had a total offense level of 33 for a guideline range of 168-210 months.

Defendant now has a total offense level of 31 for an amended guideline range of 135-168 months.

**III. Defendant is Not Eligible for a Sentence Reduction Because He Was Already Sentenced Below His Amended Guideline Range and Did Not Receive a Lower Sentence Based on a Government Motion for Substantial Assistance to Authorities**

United States Sentencing Guideline 1B1.10(b)(2)(A) provides:

> Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

U.S.S.G. § 1B1.10(b)(2)(A).

The exception is found in U.S.S.G. § 1B1.10(b)(2)(B). The exception involves cases in which the defendant received a sentence below the guidelines applicable at sentencing pursuant to a government motion for downward departure based on the defendant's substantial assistance to authorities.

Here, Defendant Iosua was sentenced to 130 months imprisonment on June 3, 2011. (Judgment at p. 2, ECF No. 52). Defendant's 130 month sentence is below Defendant's amended range of 135-168 months. The Court is unable to reduce Defendant's sentence below the minimum term provided by the amended guideline range pursuant to U.S.S.G. § 1B1.10(b)(2)(A); United States v. Tedesco, 2015 WL 3408118, *1 (D. Nev. May 26, 2015).

Defendant's Motion for Modification of Sentence (ECF No. 55) filed pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines is **DENIED**.

//
//
//
//
//
//
//
//

//

**CONCLUSION**

Defendant's MOTION FOR MODIFICATION OF SENTENCE (ECF No. 55) is **DENIED**.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 26, 2015.



/s/ Helen Gillmor

Helen Gillmor
United States District Judge